UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELCIE FINN,<br><br>        Plaintiff,<br>v.<br><br>BAYER HEALTHCARE<br>PHARMACEUTICALS, INC. *et al.*,<br><br>        Defendants. | Civil Action No.<br><br>16-1005 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

### **LEDA DUNN WETTRE, United States Magistrate Judge**

This matter, having been opened by the Court *sua sponte* based on Plaintiff Kelcie Finn's failure to comply with this Court's Orders and enter an appearance either by counsel or *pro se*; and Plaintiff having failed to respond to the Order to Show Cause issued by this Court on November 2, 2016, (ECF No. 30); and for good cause shown; it is respectfully recommended that Plaintiff's Complaint be stricken and that her case be dismissed without prejudice.

### **BACKGROUND**

Plaintiff *pro se* commenced this action by counsel on February 23, 2016, and her Complaint alleged various claims against Defendants, Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, and Bayer Oy, related to alleged side effects of a drug called Mirena. (*See* ECF No. 1). On July 8, 2016, Plaintiff's former counsel filed a motion to withdraw, citing total unresponsiveness by their client to communications, (ECF No. 24); no opposition to this motion was filed. The Court granted the motion by Plaintiff's former counsel to withdraw on July 26, 2016, and ordered Plaintiff to enter an appearance *pro se* or retain substitute counsel on or before September 19,

2016. (ECF Nos. 25, 27).[1] After Plaintiff failed to enter any appearance, the Court issued an Order to Show Cause directing Plaintiff to appear for a telephonic conference on December 12, 2016, at 2:30 p.m., or face a recommendation that her Complaint be stricken under Federal Rule of Civil Procedure 16(f). (ECF No. 30).[2] Defense counsel appeared by telephone at the appointed date and time, but Plaintiff did not. There has never been any activity in this case by Plaintiff except through her former counsel.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes the Court to strike a party's pleading or dismiss the action as sanction for failure to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f) empowers the Court to impose the same sanctions against a party who fails to appear at a pretrial conference or to comply with a pretrial order. Fed. R. Civ. P. 16(f)(1); *see also Ramada Worldwide, Inc. v. Veer Enters., LLC*, Civ. A. No. 10-6480 (ES), 2013 WL 1314451, at *2 (D.N.J. Mar. 28, 2013).

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. *Id.* at 868. The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

---

[1] The deadline for Plaintiff to enter an appearance was originally set as August 26, 2016, (ECF No. 25), but this date was extended due to an apparent delay in serving the original Order upon Plaintiff, (*see* ECF Nos. 26, 27).

[2] The Court had previously issued an Order to Show Cause requiring Plaintiff to appear for a telephonic conference on November 2, 2016. (ECF No. 29). Plaintiff did not appear for that conference, but due to uncertainty as to whether that Order to Show Cause had been properly mailed to Plaintiff, a new Order to Show Cause was issued. (ECF No. 30).

2

> (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 16(f). *See* Fed. R. Civ. P. 16(f)(1) ("On motion *or on its own*, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference; [or] . . . fails to obey a scheduling or other pretrial order."); *Mindek*, 964 F.2d at 1372–75; *Foreman v. Previziz*, Civ. A. No. 13-5807 (SDW), 2015 WL 1931453, at *1–2 (D.N.J. Apr. 27, 2015); *see also Moore v. Cnty. of Gloucester*, Civ. A. No. 10-5778 (KMW), 2012 WL 6021664, at *1, *2 (D.N.J. June 28, 2012); *Malabanan v. Bio-reference Labs., Inc.*, Civ. A. No. 11-3629 (MCA), 2012 WL 1884018, at *2 (D.N.J. May 22, 2012).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that only Plaintiff can be responsible for her failure to comply with this Court's Orders to enter an appearance, either by counsel or *pro se*, and to appear for Order to Show Cause hearings. Plaintiff has become totally unresponsive to communications from her former counsel or the Court.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in advancing her case and to comply with this Court's Orders has caused harm to Defendants. Plaintiff initiated this action in February 2016, yet became completely unresponsive and ceased participating in the litigation by

3

June 2016 at latest. (*See* ECF No. 22). Plaintiff's actions, or lack thereof, support striking her Complaint and dismissal.

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. For example, Plaintiff's apparent failure to communicate with her counsel resulted in a substantial delay in this matter's proceeding. Plaintiff's repeated failure to appear or otherwise respond to the Court's orders further confirm her dilatoriness. Plaintiff's inaction in this regard further supports striking her Complaint and dismissal.

**4. Willfulness or Bad Faith.** Having no information about the reasons for Plaintiff's unresponsiveness, the Court cannot assess the willfulness of Plaintiff's conduct or conclude whether it was undertaken in good or bad faith. The circumstances, taken as a whole, however, suggest that Plaintiff has abandoned her case and further support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of her continued inaction, Plaintiff has failed to participate in and prosecute her case. On these facts, no lesser sanction would be effective. *See Joyce v. Cont'l Airlines, Inc.*, Civ. A. No. 09-2460 (MF), 2011 WL 2610098, at *1–3 (D.N.J. June 15, 2011).

**6. Meritoriousness of the Claims.** Given the preliminary stage of the action when Plaintiff became unresponsive, the Court is unable to determine the potential merit of Plaintiff's claims.

In sum, Plaintiff has ignored multiple Court Orders, including an Order to make an appearance to show cause why her case should not be dismissed, which demonstrates a pattern of

non-compliance and dilatoriness. Plaintiff's failure in this regard establishes her inability or refusal to comply with pretrial orders and her failure to adequately prosecute this matter.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: December 20, 2016

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge